Davida Sanchez
P.O. Box 2442
Albany OR 97321
Abbavida3@gmail.com
(503)857-3215

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON___

**Davida Sanchez et al**

**V**

**Washington State et al**

**Defendants**

CASE no. *3:17-CV-1669-SI*

**FILED IN ASSOCIATION WITH CASES 2:2017-cv-02072 and 3:17 cv 01224.**

## PLAINTIFFS' MOTION FOR LEGAL COUNSEL AND REPRESENTATION

1. The Plaintiff respectfully submits the District Court to provide plaintiff legal counsel and representation, absence is failing to provide an appropriate and reasonable modification of its existing procedures and offering most integrated setting for Ms. Sanchez and her minor children. This is a violation of her due process and equal protection rights.

2. The actions of the Washington State ET AL are blatantly hostile towards the Americans with Disabilities Act as Amended as the Plaintiff has detailed in her Complaint. Aside from the other civil rights issues brought forth in her complaint by defendants' refusal to apply ADA/ADAAA, the Plaintiff is asking that this Court grant her barrier free access to this Court.

3. In 1973 the first federal civil rights protection for people with disabilities, Section 504 of the Rehabilitation Act was signed into law. What section 504 says is "no otherwise qualified handicapped individual in the United States shall solely on the basis of his handicap, be excluded from the participation, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." Essentially it said no program receiving federal funds could discriminate against a person with a disability. Federal courts must meet the same standard under section 504 of the Rehabilitation Act. [1]

4. The Plaintiffs have shown prima facie of disability. This has not been challenged. There is no published procedure for filing an ADA suit using 42 USC 2000a-3(a) and to have counsel appointed, it matters that Plaintiffs are cover by the "Prima Facie" of been "disabled" and have a right to counsel under 42 USC 2000a-3(a) to enforce the law – which is a "private attorney general" statute after all and  has the same appointment language as 42 USC 2000e-5(f)(1) as to counsel]

5. Congress and by the courts forcing an Amendment in 2008 – to the ADA/ADAAA specifically DID NOT release jurisdiction of enforcement of the civil rights of the ADA/ADAAA to the courts, but instead placed jurisdiction in Title I first in the EEOC, and for **ADA Title II and III in the US Department of Justice. (DOJ). This COURT follows EEOC.**

---

[1] 29 U.S.C. §§ 701–796l (2000).

6. The Sixth Circuit held that Eleventh Amendment immunity of the states to private damages suits did not apply to clams under title ii of the ADA when the claim involved a Due Process clause.

7. At the very least, the Defendants show this by its complete incapacity to grasp the seriousness of the wrongdoing they have committed by violating Title II and Title III of the ADA/ADAAA and 504; defendants continue to minimize and make light of the damage they have caused by failing to abide by the anti-discrimination policies of Title III of the ADA/ADAAA. This position of the defendants has brought the not only the Plaintiffs severe distress, but also to many people with a disability or a perceived disability involved as litigant or subject to jurisdiction of the Oregon State District Court

8. The Plaintiffs are Americans with a qualified disabilities. The Plaintiffs are seeking equal access to this court. In proceeding in a court action in which the respondents brought on an exacerbated the disability of PTSD, exploited plaintiff mother's disabilities.

9. To allow the plaintiffs to proceed without an attorney places a barrier to access to the Court. Washington State ET AL has given the Plaintiff mother and minors disability. The plaintiffs did not have the injury/disability prior to involvement in Connecticut's State Court. Failing to make federal courts facilities accessible violates the Rehabilitation Act

10. The Plaintiffs filed suit in this Court alleging that they and a class of similarly situated individuals with disabilities have been discriminated against by the Defendants in violation of Title II and Title III of the ADAAA2008.

11. Courts fail to make their services accessible to litigants who are not able to use the system effectively because of mental or physical impairments. Meaningful access does not exist when a litigant's inability to understand or to participate in proceedings because of a disability surpasses the mere confusion many lay persons experience when participating in the legal system. As the Honorable Robert W. Sweet, in proposing full civil Gideon, has noted: "As every trial judge knows, the task of determining the correct legal outcome is rendered almost impossible without effective counsel. Courts have neither the time nor the capacity to be both litigants and impartial judges on any issue of genuine complexity. "As recognized by the Lassiter dissent, "By intimidation, inarticulateness or confusion, a [litigant] can lose forever" the right she sought to protect.

12. Just as the building has an elevator for disabled to access this court, here the appropriate reasonable accommodation, or appropriate reasonable modification is attorney representation.

13. When confusion stems from a disability, Judge Sweet's admonition carries even more force. A disabled litigant may be physically present in the courtroom but have little understanding of the law and proceedings and little ability to advocate for her rights. A factual showing that a litigant does not understand proceedings and cannot meaningfully participate because of a disability compels the court to consider providing reasonable accommodations. A public entity, including a court, must reasonably accommodate a qualified individual with a disability. A public entity, including a federal court, must reasonably accommodate a qualified individual with a disability. [2]

---

[2] Henrietta D. v. Bloomberg, 331 F.3d 261, 277 (2d Cir. 2003) (holding that a litigant with disabilities suing under the ADA or Rehabilitation Act may show that she has been excluded from or denied the benefits of a public entity's services or programs "by reason of such disability," even if there are other contributory causes for the exclusion or denial, as long as the plaintiff can show that the disability was a substantial cause of the exclusion or denial).

14.  Upon receiving a request for with disabilities are as effective as communications with others."[3]

15. The plaintiff wants to obtain a speedy remedy to redress the wrongs of the

Washington State ET AL State and wants immediate injunctive relief.

15. The Plaintiffs are asking for equal protection "[a]s clarified by the City of Boerne [v.

Flores, __ U.S. __, 117 S.Ct. 2157 (1997)] Court, Congress must confine its enforcement

of the protections of the equal protection clause to the substance of those protections as

interpreted by the Court....the contours of the equal protection clause must define the

contours of statutory provisions enacted to enforce the rights conferred by that clause."

16. In this regard, the Plaintiffs cite the Supreme Court case of Washington v. Davis, 426

U.S. 229 (1976) which stands for the proposition that a valid cause of action for a

violation of the Equal Protection Clause must allege "a purpose to discriminate...." Id. at

238 (quoting Akins v. Texas, 325 U.S. 393, 403-04 (1945)).

17. The Plaintiffs make the argument, "[i]n order for the ADA/ADAAA  and 504 to be an

appropriate exercise of congressional enforcement authority, it must be interpreted to

similarly require a showing of intentional discrimination." Further, plaintiffs have a right

a right to counsel in this case under an ADA/ADAAA Title III suit, which this plaintiff

brings.

18. No reasonable argument exists that that providing legal representation as an

accommodation within the court system would fundamentally alter the nature of that

public entity. Attorneys regularly represent litigants in the court setting, so having

representation for a disabled litigant would not be a change in the system. [4] It would

---

[3] 28 C.F.R. § 35.160(a) (2003).
[4] The court should also weigh the complexities of the legal issues and the need for factual investigation

neither create an "undue burden" for the courts nor "fundamentally alter" the nature of the court system. [5]

19. In John E. Nowak, Treatise on Constitutional Law 520 (1978). By definition, persons with disabilities have "a physical or mental impairment that substantially limits one or more...major life activities." 42 U.S.C. § 12102(2)(A). Thus, as to that life activity, "the handicapped typically are not similarly situated to the non-handicapped." Alexander v. Choate, 469 U.S. 287, 298 (1985).[6] The Constitution takes this reality into account and instead, in certain circumstances, requires equal access rather than simply identical treatment. For "[s]ometimes the grossest discrimination can lie in treating things that are different as though they were exactly alike." Jenness v. Fortson, 403 U.S. 431, 442 (1971). The Fourteenth Amendment grants to Congress the "discretion in determining whether and what legislation is needed" to address such discrimination. Morgan at 651.

20. Congress' of section mandate of section 504 is consistent with the principles of equality embodied in the Equal Protection Clause. "The power to 'enforce' [the Equal Protection Clause] may at times also include the power to define situations which Congress determines threaten principles of equality and to adopt prophylactic rules to

---

[5] The appointment of counsel may be appropriate when the likelihood exists that extensive discovery or expert testimony will be required, or that credibility determinations will play a significant role in the trial.

[6] Alexander was discussing Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The Third Circuit has acknowledged the relevance and applicability of case law interpreting the Rehabilitation Act, when considering matters arising under Title II. See Helen L. v. Didario,, 46 F.3d 325, 333-34 (3rd Cir. 1995), cert. denied, 116 S.Ct. 64 (1995). See also McPherson v. Michigan High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 460 (6th Cir. 1997)(en banc); Parker v. Metropolitan Life Ins. Co., 121 F.3d 1006, 1016 n.13 (6th Cir. 1997)(en banc)("Over sixteen years after the Rehabilitation Act was enacted, Congress, concerned that the Rehabilitation Act alone was inadequate to eradicate discrimination against the disabled, signed into law the ADA, which has a broader scope than the Rehabilitation Act.").

deal with those situations." <u>J.A. Croson Co.</u> at 490 (opinion of O'Connor, J.).[7] Legal
counsel and representation would be such prophylactic relief.


21. Plaintiffs' cite the example of prisoners seeking *habeas corpus* relief. A convicted
person is entitled to relief if a court finds that a federal right has been violated. But it is
not up to the court to issue the writ simply because that court concludes in its independent
judgment that the state court acted contrary to federal law. Instead, Congress has
instructed federal courts, in 28 U.S.C. § 2254(d), that the writ may issue if the prisoner
demonstrates that the adjudication of his claim by the state courts

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence in the State court
> proceedings.

21.  Plaintiffs have been denied liberty interests, and b. the state court issued orders that
are clearly unreasonable, unlawful and illegal.

22.  The Court has not passed on constitutional claims based on this standard, but it has in
several cases applied the standard, sometimes unanimously, without any suggestion that a

---

[2/] Moreover, in a series of Supreme Court cases beginning with <u>Griffin</u> v. <u>Illinois</u>, 351 U.S. 12 (1956), and culminating
in <u>M.L.B.</u> v. <u>S.L.J.</u>, __ U.S. __, 117 S.Ct. 555 (1996), the Court instructed that principles of equality are sometimes
violated by treating unlike persons alike.  In these cases, the Court held that a state violates the Equal Protection Clause
in treating indigent parties appealing from certain court proceedings as if they were not indigent.  Central to these
holdings is the acknowledgment that "a law nondiscriminatory on its face may be grossly discriminatory in its
operation." <u>M.L.B.</u> at 569 (quoting <u>Griffin</u> at 17 n.11).  The Court held in these cases that even though states are
applying a facially neutral policy by charging all litigants equal fees for an appeal, the Equal Protection Clause requires
states to waive such fees in order to ensure equal "access" to appeal.  <u>Id.</u> at 560.  Nor is it sufficient if a state permits an
indigent person to appeal without charge, but does not provide free trial transcripts.  The Court has declared that the
State cannot "extend to such indigent defendants merely a 'meaningless ritual' while others in better economic
circumstances have a 'meaningful appeal.'"  <u>Id.</u> at 569 n.16 (quoting <u>Ross</u> v. <u>Moffitt</u>, 417 U.S. 600, 612 (1974)).

constitutional question may be presented.[8] Generally, these rights include freedom from cruel and unusual punishment or the right to due process." Plaintiff have had no due process, plaintiffs are subjected to cruel and unusual punishment because of retaliatory tactics of defendants.

20. The Court regularly appoints counsel to indigent defendants in a criminal setting to provide counsel when liberty interests are at stake. The plaintiff is asking for the same consideration, since her 14th Amendment Due Process liberty interests are at stake, along with every disabled person in Connecticut who deals with the State Of Washington et al.

21. The plaintiff has been denied her liberty interests in state Court. Without competent counsel, the Plaintiff is not able to Communicate Effectively and have access to this with the Court under 14th Amendment Due Process Administrative Right and section 504 of the Rehabilitation Act.

22. This Court can provide redress as the nature of the case exacerbates the injury to the Plaintiff; that in itself should be cause to provide the Plaintiff with competent counsel as that is the only way she will be able to access the Court with her 14th Amendment Due Process Rights for Effective Communication.

23. Appointment of counsel, which would allow the individual with a disability to communicate with the court, could qualify as a reasonable accommodation because it is similar to the following sample aids and services provided in the regulations:

1. Qualified interpreters, note

2. In determining the

---

[8] *See, e.g.,* Price v. Vincent, 123 S. Ct. 1848 (2003), and cases cited therein.

3.  appropriate aid or service, the public entity shall give "primary consideration" to
    the requests of the individual with disabilities. [9]

24. Arguments that the cost of appointed counsel renders the accommodation unreasonable lack merit. Providing an attorney for litigants with disabilities is not only appropriate but also reasonable in terms of cost. [10] In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than he United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual. (Pub. L. 101–336, title V, § 505, July 26, 1990, 104 Stat. 371.)"

25. In 1948, Congress granted the federal courts statutory authority to appoint counsel for indigent civil litigants.[11]

26. The Third Circuit Court of Appeals interpreted 28 U.S.C. § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. [12]

27. The Third Circuit rejected several courts' interpretations that appointment of counsel in civil cases should be granted only under "exceptional circumstances."[13]

---

[9] 28 C.F.R. § 35.160(b)(2) (2003).

[10] The cost aspect matters, The cost aspect matters, as a number of commentators have noted, because opponents of civil Gideon argue the expense of such a program would bankrupt the government. See, e.g., Rhode, supra note 73, at 1787–88; Earl Johnson, Jr., Toward Equal Justice:Where the United States Stands Two Decades Later, 5 MD. J. CONTEMP. LEGAL ISSUES 199, 210–21 (1994) [hereinafter Toward Equal Justice].

[11] 28 U.S.C. § 1915(a) (2004).

[12] See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); see also McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982); United States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978).

[13] 110 Tabron, 6 F.3d at 155 (stating that "nothing in this clear language [of the statute] suggests that appointment is permissible only in some limited set of circumstances. Nor have we found any indication in the legislative history of the provision to support such a limitation." The court refers to 28 U.S.C. § 1915(d) (2000) "the court may request an attorney to represent any such person unable to afford counsel.")

28. Plaintiffs qualify for "exceptional circumstances." [14]

29. If the court determines a claim has sufficient merit, then it must consider factors regarding the plaintiff's ability to present her case. Arguments for appointed counsel may prevail, for example, when expert testimony is required, the case presents unusually complex issues or has a mental disability that prevents her from comprehending complex matters in the courtroom. When some of these circumstances exist, plaintiffs should request the assistance of counsel. A key conundrum inherent in the test: the problem of determining the merits of a case before the case has been presented, especially without counsel to assess and present the merits. [15]

30. This problem is compounded when a litigant has a disability that prevents or impairs understanding and participating in court proceedings country. First, in some contexts, civil litigants who may be more disadvantaged by lack of counsel than criminal litigants. For example, the loss of custody of a child may, in the long run, be far more agonizing than incarceration for a short period of time.

Respectfully submitted

Davida Sanchez
P.O. Box 2442
Albany OR 97321
Abbavida3@gmail.com
(503)857-3215

---

[14] Kerwick- Savino v Savino, 13-3617, *Motion to withdraw mandate; Motion to Reinstate Appeal* (2nd circuit, 2014) The court found the plaintiff/appellee was mentally disabled incapacitated from timely filing of appeal on account of her 4 year old child being legally kidnapped under the *rare and exceptional circumstance.*

[15] For cases brought under other statutes or constitutional provisions, however, the authors' point is well-taken, as illustrated in their discussion of Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). In Fowler, the Eleventh Circuit applied an exceptional circumstances test in denying a prison inmate appointed counsel in his civil rights suit against prison officials.

Wherefore: the Plaintiffs respectfully asks that the Court expeditiously grant her competent counsel to give plaintiffs a barrier free access to Court, as this Court must abide by Section 504 of the Rehabilitation Act of 1973, and its own EEOP to give a access that is free of discrimination of the disabled, and to provide the most judicial economy The denial of counsel is an act discrimination, denial of access to Court and discriminatory to the disabled,  who should have the same access to the Court where liberty interests are at stake. Certainly the right to contract, the right to the care and custody ones children absent any finding or neglect, unfitness, abandonment, the children's right to familial access to the only mother they have ever or will ever have, further both plaintiff minors and plaintiff mother have been isolated and segregated from each other due to the discriminatory practices of Washington State et al.

_____

The Plaintiff
Davida Sanchez
P.O. Box 2442
Albany OR 97321
Abbavida3@gmail.com
(503)857-3215


**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint, and that the information contained therein is true and correct.

_____

The Plaintiff
Davida Sanchez

35