IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVIDA SANCHEZ, ET AL.**, | Case No. 3:17-cv-1669-SI |
| Plaintiffs, | **ORDER** |
| v. | |
| **STATE OF WASHINGTON, ET AL.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs bring *pro se* claims against the State of Washington, several Washington state court judges, several attorneys practicing in Washington, and a Washington family advocacy entity and its employees. Plaintiffs allege that Defendants violated the Americans with Disabilities Act and the Rehabilitation Act by failing to accommodate Plaintiffs' disabilities and provide Plaintiffs with appropriate access to the courts and family law system while Plaintiffs were adjudicating their marriage dissolution and child custody issues. Plaintiffs further allege that Defendants discriminated against Plaintiffs based on their disabilities and perceived disabilities and improperly used these disabilities and perceived disabilities to deprive Plaintiffs

of custody of their children.[1] Plaintiffs seek declaratory and injunctive relief and monetary damages.

Before the Court is Plaintiffs' motion for the appointment of pro bono counsel. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). While this court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, the legal issues involved are complex. Plaintiffs allege that the Washington courts systemically are failing to accommodate and are discriminating against persons with mental disabilities in custody disputes, particularly women. Plaintiffs also note two other lawsuits that

---

[1] In Paragraph 58 of the Complaint, Plaintiffs mention that the U.S. Constitution provides for equal protection and due process. In their claims for relief, however, Plaintiffs only assert claims under the Americans with Disabilities Act and the Rehabilitation Act and do not assert any claims under the Constitution. Accordingly, the Court does not interpret the passing reference to due process and equal protection in Paragraph 58 as alleging violations of the Constitution or asserting claims for relief based on equal protection or due process violations.

have recently been filed purportedly making similar claims by other named plaintiffs and on behalf of those "similarly situated," perhaps indicating that a class action lawsuit might be a possibility. Plaintiffs do not, however, indicate where these lawsuits were filed and the Court could not locate the cited case numbers either in its own docket or in the federal court dockets in Washington.[2] There are also issues regarding judicial immunity and perhaps *Younger* abstention issues that may arise if Plaintiffs request certain types of injunctive relief (such as requesting the Court issue an order regarding custody of Plaintiffs' children) and if the state custody proceedings have not been exhausted (which is not clear from Plaintiffs' complaint). Accordingly, although Plaintiffs have shown some ability to articulate their claims, the Court finds it appropriate to appoint counsel at this time.

Plaintiffs also filed an expedited motion for writ of habeas corpus. This motion is denied. After counsel is appointed, counsel may file any expedited motions that counsel deems to be appropriate.

## CONCLUSION

Plaintiffs' motion for appointment of counsel (ECF 3) is GRANTED. The Clerk of the Court is ordered to appoint counsel from the pro bono panel. Plaintiffs' motion for writ of habeas corpus (ECF 4) is DENIED.

**IT IS SO ORDERED.**

DATED this 26th day of October, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] The Court did not check the state court dockets in Washington.

PAGE 3 – ORDER